REBECCA L. MASTRANGELO, ESQ.
Nevada Bar No. 5417
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 S. Third Street
Las Vegas, NV 89101
Phone:        (702) 383-3400
Fax:          (702) 384-1460
rmastrangelo@rmcmlaw.com
*Attorneys for Defendant*
OTIS ELEVATOR COMPANY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALMA VARGAS, an individual, | ) Case No.  2:24-cv-1148 |
| | ) |
| Plaintiff, | ) **DEFENDANT OTIS ELEVATOR** |
| | ) **COMPANY'S NOTICE OF REMOVAL** |
| v. | ) |
| | ) |
| OTIS WORLDWIDE CORPORATION, | ) |
| d/b/a OTIS ELEVATOR COMPANY, a | ) |
| foreign corporation; DOE I-X, inclusive; | ) |
| ROE CORPORATIONS XI-XX, inclusive; | ) |
| | ) |
| Defendants. | ) |
| | ) |

   **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

   **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Otis Elevator Company ("Defendant")[1], through undersigned counsel, hereby files this Notice of Removal to effect removal of this civil action from the Eighth Judicial District Court in and for Clark County, Nevada, where it is filed as Case No. A-24-893656-C, to the United States District Court of Nevada in Las Vegas.

---

[1] Otis Worldwide Corporation d/b/a Otis Elevator Company was incorrectly named as defendant. Otis Worldwide Corporation did not maintain or install the subject elevator, or otherwise conduct business in Nevada.   Still, in an abundance of caution, Otis Worldwide Corporation joins in this Notice of Removal along with its wholly owned and properly named subsidiary, Otis Elevator Company.

In support of this Notice of Removal, Defendant states as follows:

## BACKGROUND

1. On or about May 20, 2024, Plaintiff Alma Vargas ("Plaintiff"), filed a Complaint ("Complaint") in the civil action styled as *ALMA VARGAS v. OTIS WORLDWIDE CORPORATION d/b/a OTIS ELEVATOR COMPANY, a foreign corporation; DOES I through X, inclusive; and ROE CORPORTIONS XI-XX, inclusive*, in the Eighth Judicial District Court in and for Clark County, Nevada, Case No. A-24-893656-C ("State Court Action").  True and correct copies of all processes and pleadings served upon or available to Defendant at the time of this Notice of Removal, namely the Summons and Complaint, Answer and Demand for Jury Trial, Disclosure Statement Pursuant to NRCP 7-1, filed in the State Court Action, are attached to the Declaration of Rebecca L. Mastrangelo in support of this Notice of Removal ("Mastrangelo Decl.") as **Exhibit A-C** thereto, and incorporated herein by reference.

2. The Complaint sets forth claims for relief as follows: (i) its "First Cause of Action" of "Strict Liability"; and (ii) its "Second Cause of Action" of "Negligence".  *See* Exh. A, Complaint, pp. 5-8.

3. The Complaint alleges that on or around August 3, 2022, at the real property commonly referred to as The Palazzo at the Venetian Resort, located at 3325 S Las Vegas Boulevard, Las Vegas, Nevada 89109  (the "Subject Premises"), Plaintiff was in an elevator (the "Subject Elevator") at the Subject Premises when it "fell to a lower floor, injuring Plaintiff."  Exh. A, Complaint, ¶ 19.  Plaintiff further contends that Defendant, as well as certain DOE defendants and/or ROE corporations were the persons or entities who were responsible for the incident, and in some manner caused the injuries because they engaged in the design, manufacture, distribution and sale of elevators including the Subject Elevator.  *Id*. at ¶ 9.

4. Plaintiff contends that the alleged incident resulted in "severe and permanent injuries." *Id*. at ¶ 20.  Plaintiff alleges that she "suffered damages including, but not limited to, past, present and future medical care, past, present and future pain and suffering and emotional distress, permanent disfigurement, loss of earning and impairment to earning capacity, and past, present and future loss of enjoyment of life." *Id*. at ¶ 21.

5. Defendant was served with the Summons and Complaint in the State Court Action on May 24, 2024.

6. As specifically shown below, there is complete diversity between Plaintiff and Defendant. 28 U.S.C. § 1441; Exh. A, Complaint, ¶¶ 1-2; Mastrangelo Decl., ¶ 6.

7. As specifically shown below, based on the allegations of the Complaint, Plaintiff contends an amount in controversy in excess of the sum or value of $75,000.00, exclusive of interest and costs, as required for a removal pursuant to 28 U.S.C. § 1332. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); Exh. A, Complaint, ¶¶ 33-36, 46-48.

8. The Notice of Removal is filed timely. Pursuant to 28 U.S.C. §1446(b), the Notice is filed within thirty (30) days of receipt by Defendant of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

## **DIVERSITY OF CITIZENSHIP**

9. Plaintiff is a resident of Clark County, Nevada. Exh. A, Complaint, ¶ 1.

10. A corporation is deemed to be a citizen of the state or states where it is incorporated and maintains "its principal place of business." 28 U.S.C. § 1332(c)(1).

11. Defendant Otis Elevator Company is incorporated in New Jersey and has its principal place of business in Connecticut. Mastrangelo Decl., ¶ 6. Defendant is therefore a citizen of New Jersey and Connecticut, and not Nevada, for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

12. Otis Elevator Company, a New Jersey Corporation, is wholly owned by Otis Worldwide Corporation. Otis Worldwide Corporation is a publicly traded company incorporated in Delaware with its principal place of business in Connecticut. Exh. C, Otis Elevator Company's Disclosure Statement Pursuant to NRCP 7.1; Mastrangelo Decl., ¶ 6. Otis Worldwide Corporation is therefore a citizen of Delaware and Connecticut for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

13. Defendants sued under fictitious names are disregarded in determining diversity of citizenship. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

14. Accordingly, this action involves "citizens of different States." *See,* 28 U.S.C. § 1332(a)(1). As Plaintiff appears to be a citizen of Nevada only, Defendant Otis Elevator Company is a citizen of New

Jersey and Connecticut only, with the subject incident alleged by Plaintiff to have occurred exclusively within Nevada, removal of this action is proper under 28 U.S.C. § 1441(b) on the basis of diversity of citizenship.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

15. Pursuant to 28 U.S.C. § 1332, and upon information and belief, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

16. Plaintiff alleges that she was in the Subject Elevator at the Subject Premises when it "fell to a lower floor, injuring Plaintiff." Exh. A, Complaint, ¶ 19.

17. Plaintiff contends that the alleged incident resulted in "severe and permanent injuries." *Id.* at ¶ 20. Plaintiff alleges that she "suffered damages including, but not limited to, past, present and future medical care, past, present and future pain and suffering and emotional distress, permanent disfigurement, loss of earning and impairment to earning capacity, and past, present and future loss of enjoyment of life." *Id.*, ¶ 21.

18. Plaintiff affirmatively pleads damages for her separate causes of action for Strict Liability and Negligence. Ex. A, Complaint, ¶¶ 34, 46. In each of those causes of action, Plaintiff separately alleges general and compensatory damages "in an amount in excess of $15,000.00," with $15,000.00 being the minimum jurisdictional amount for civil matters in the Eighth Judicial District Court. Under Nevada Rule of Civil Procedure 8, subdivision (a)(4), if a plaintiff "seeks more than $15,000 in monetary damages, the demand for relief may request damages 'in excess of $15,000' without further specification of the amount."

19. Plaintiff also seeks a separate award of attorneys' fees and costs. Exh. A, Complaint, ¶¶ 35, 47.

20. Plaintiff also seeks punitive damages for her separate causes of action for Strict Liability and Negligence. Ex. A, Complaint, ¶¶ 36, 48. Plaintiff asserts that Defendant "acted with oppression, fraud and/or malice, express or implied, and with conscious disregard for the safety of others, including Plaintiff, thereby justifying an award of exemplary and punitive damages sufficient to make an examples of and punish the Defendant OTIS. *Id.*, *see Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.")

21.    Plaintiff seeks for each cause of action "general and compensatory damages in an amount in excess of Fifteen Thousand Dollars"; attorney fees and costs; and "exemplary and punitive damages sufficient to make an example of and punish the Defendant OTIS." Ex. A, Complaint, ¶¶ 34-36, 46-48. Plaintiff also seeks "[d]amages for costs of past, present and future medical care and treatment and costs incidental thereto"; "damages for loss of earnings and diminished future earning capacity." *Id*, p. 9. Based on the allegations of her Complaint, Plaintiff accordingly prays for aggregate damages, which appear to exceed $75,000.00.

22.    Plaintiff's allegations and requests for damages against Defendant establish that she is seeking damages in excess of the $75,000 amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332(a).  § 1446(c)(2)(B); *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 962-963 (9th Cir. 2020); *Sanchez v. Monument Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996).

## THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

23.    The prerequisites for removal under 28 U.S.C. § 1441 have been met.

24.    The allegations of this Notice of Removal are, upon information and belief, true and correct, and within the jurisdiction of this Court, such that this action is removable to this Court.

25.    The above-captioned Court is the proper District Court for removal because the State Court Actions is pending within the District of Nevada.

26.    If any questions arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

27.    If Plaintiff seeks remand under the premise that his injuries do not exceed $75,000.00, Defendant asks that, prior to remand, this Court order Plaintiff to stipulate that he would not seek to recover any judgment against Defendant in this matter in excess of $75,000.00.

/ / /

/ / /

/ / /

/ / /

WHEREFORE, Defendant desires to remove this case to the United States District Court for the District of Nevada at Las Vegas, being the district and division of said Court for the county in which said action is pending, and prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

DATED: June 24, 2024

ROGERS, MASTRANGELO, CARVALHO & MITCHELL

By: /s/ Rebecca L. Mastrangelo
Rebecca L. Mastrangelo, Esq.
Nevada Bar No. 5417
700 S. Third Street
Las Vegas, NV 89101
*Attorney for Defendant*
*OTIS ELEVATOR COMPANY*

6

## CERTIFICATE OF SERVICE

I certify that on this 24th day of June, 2024, the foregoing **DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL** was filed via the Court's CM/ECF system, which generated a notice of electronic filing with links to true and correct copies of the foregoing document for service, and further that this document and all attachments were transmitted via U.S. Mail and email upon the following counsel of record:

Brian E Lunt, Esq. (11189)
EDWARD M BERNSTEIN & ASSOCIATES
500 South Fourth Street
Las Vegas, Nevada 89101
blunt@ebernstein.com
Phone: 702.471.5624
Facsimile: 702.385.4640
*Attorneys for Plaintiff*

/s/: *Kathy Vigil*
An Employee of ROGERS, MASTRANGELO, CARVALHO & MITCHELL

7

017377\000328\1675857.1